# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL NETHERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1243 CEJ |
| | ) | |
| ST. JOSEPH HEALTH CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 184769), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.95. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $74.75, and an average monthly balance of $33.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at SECC, brings this action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are St. Joseph's Health Center, Deborah J. Lampin, Kent Fanning, David Dalton, and Michael Harvey.

Plaintiff alleges that on June 5, 1989, he was taken by "four detectives"--- defendants Harvey, Lampin, Fanning and Dalton---- to St. Joseph's Health Center to give "blood samples, hair samples [and] saliva samples." He states that these samples were taken by an unknown nurse at the direction of the detectives who told plaintiff they had a warrant to take his blood and bodily fluids.[1]  Plaintiff avers that he believes the detectives "conspired" to keep the name of the nurse who took the samples from him a secret so that he could not name her as a witness in his court proceedings.[2]

Plaintiff implies that if he is allowed to obtain the name of the unknown nurse who obtained the samples from him in 1989, he could show a "conspiracy" between the nurse and the detectives that would help him to overturn his criminal conviction.

---

[1] In documents attached to the complaint, plaintiff admits that he has since received copies of the warrant which allowed the detectives to "seize" plaintiff's tissue samples, issued on June 2, 1989, three days prior to the date he was taken to the hospital to provide the samples.

[2] Plaintiff was convicted of forcible rape, sodomy, physical injury with a weapon, and burglary in the first degree.  He is currently serving life sentence of imprisonment.

**Discussion**

Section 1983 imposes liability on government actors acting under color of state law.  42 U.S.C. § 1983.  "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999).  To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id.  Although the police officers in this case may be presumed to be state actors, St. Joseph's Health Center is a private entity.  Plaintiff has failed to allege an actual "meeting of the minds" between the defendant officers and the hospital, other than a few conclusory statements that lack plausibility. See Iqbal, 129 S. Ct. at 1949.

The events alleged in the complaint occurred in 1989, some 24 years before the complaint was filed.  Thus, this action is barred by the five-year statute of limitations applicable to cases brought pursuant to § 1983. See Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005) (Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.); Mo. Rev. Stat. § 516.120(4).  "Although the statute of limitations is an affirmative defense, a district

court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Plaintiff does not allege a continuing violation nor does he allege that the defendants interfered with or impeded his attempts to file this action within the limitations period.

Finally, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, plaintiff may not seek to overturn his criminal conviction through this § 1983 action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of September, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE